IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARTINHO TAVARES RODRIGUES,**

    **Petitioner,**

v.               **Civil Action No. 5:10cv53**
                  **(Judge Stamp)**

**ERIC HOLDER, U.S. Attorney General;**
**IMMIGRATION & CUSTOMS ENFORCEMENT;**
**AND DEPT. OF HOMELAND SECURITY;**

    **Respondents.**

### OPINION/REPORT AND RECOMMENDATION

On May 14, 2010, the *pro se* petitioner filed a Petition of Habeas Corpus Under 28 U.S.C. § 2241. The petitioner, a federal inmate at the Gilmer Federal Correctional Institution in Glenville, West Virginia, challenges a final order of removal issued by the Bureau of Immigration and Customs Enforcement.[1] The petitioner has paid the required $5.00 habeas corpus filing fee. Therefore, this matter is before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

In 2005, Congress passed the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 302 (May 11, 2005), which "streamlined the process for seeking judicial review of removal orders under

---

[1] On July 31, 2007, an Immigration Judge ordered the petitioner's removal from the United States. Petition at 3. The petitioner appealed that decision to the Board of Immigration Appeals ("BIA") on August 8, 2007. *Id.* at 4. The BIA affirmed the Immigration Judge's order of removal. *Id.* On December 7, 2007, the petitioner filed an appeal with the Third Circuit Court of Appeals. *Id.* The petitioner was granted review and a stay of removal was issued. *Id.* On April 12, 2009, however, the Third Circuit found that the petitioner was deportable on the grounds that he was not in the legal custody of his naturalized father and upheld the order of removal. *Id.*

the INA [Immigration and Nationality Act]." Dragenice v. Gonzales, 470 F.3d 183, 186 (4th Cir. 2006). Specifically, the Act amended judicial review provisions of the INA by vesting sole jurisdiction over habeas corpus petitions challenging removal orders in the Court of Appeals. Section 106(a) of the REAL ID Act provides: "[n]ot withstanding any other provision of law . . . including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . ." 8 U.S.C. § 1252(a)(5). Thus, the Act specifically divests "federal courts of jurisdiction over § 2241 petitions attacking removal orders." Dragenice, 470 F.3d at 186.

In this case, the petitioner attacks his deportation order on two grounds. First, he asserts that he is not removable because he derived citizenship from his naturalized father. Second, the petitioner asserts that his due process rights were violated during his removal proceedings because his counsel was ineffective. Both of these grounds are a clear and direct challenge to his removal order. Accordingly, pursuant to the REAL ID Act of 2005, this Court does not have jurisdiction to hear these claims under 28 U.S.C. § 2241. The petitioner's sole remedy, if any, is with the appropriate Court of Appeals. Therefore, the undersigned recommends that this case be **TRANSFERRED** to the Fourth Circuit Court of Appeals for all further proceedings and that this case be **STRICKEN** from the active docket of this court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United

States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 1, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE